IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRAIRIE POINTE CONDOMINIUM )
ASSOCIATION, )
 )
         Plaintiff, )
 )
  v. ) No. 12 C 3115
 )
QBE INSURANCE CORPORATION, )
 )
         Defendant. )

MEMORANDUM ORDER

During this Court's February 26 motion call it had occasion to address, and to deny without prejudice, the motion of defendant QBE Insurance Corporation ("QBE") for leave to file a counterclaim. This memorandum order is intended to supplement that ruling, because the proposed counterclaim was annexed to QBE's Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Prairie Pointe Condominium Association ("Prairie Point"), and that latter portion of QBE's filing calls for some brief comments.

First, the denial of leave to file the proposed counterclaim does not of course affect adversely QBE's entitlement to file--more accurately, refile[1] its responsive pleading to the Complaint. That aspect of QBE's filing will stand, subject only to a few problematic aspects dealt with hereafter.

---

[1] What is said here could have been raised when QBE filed its original Answer and ADs last May, but this Court simply did not then scrutinize it as it has had to do for current purposes.

To begin with, Answer ¶¶4 and 11 are wrong in stating that the corresponding allegations in the Complaint "requir[e] no answer" because they constitute conclusions of law--see App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Fed. R. Civ. P. ("Rule") 8(b)(1)(B) calls for answers, and QBE must provide them. In that respect, QBE's partial denials of the allegations in those paragraphs appear to be mere quibbles.

Next, AD 1, which is the equivalent of a Rule 12(b)(6) motion, is unacceptable in the skeletal form in which it is tendered. If QBE really believes that Prairie Pointe has failed to state a claim (not a "cause of action," which is the different concept applicable under state law) it must file such a motion, properly fleshed out, and present it for consideration.

Finally, both AD 2 and AD 4 contain "to the extent" language--a sure tipoff that QBE has not satisfied the requirement of notice pleading that is required of both defendants and plaintiffs in federal litigation. If QBE can identify a real deficiency on Prairie Pointe's part in either of those respects, its assertions must be particularized so that Prairie Pointe's counsel and this Court will understand just what is being claimed.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 26, 2013