IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRAIRIE POINTE CONDOMINIUM )
ASSOCIATION, )
　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　 )
　v. ) No. 12 C 3115
　　　　　　　　　　　　　　　　 )
QBE INSURANCE CORPORATION, )
　　　　　　　　　　　　　　　　 )
　　　　　Defendant. )

MEMORANDUM ORDER

　　　Prairie Pointe Condominium Association ("Prairie Pointe") has filed its Answer to the Counterclaim brought against it by defendant QBE Insurance Corporation ("QBE"). Although that pleading was filed about 10 days ago, this Court's more than full-time involvement in an ongoing trial and contested motions has disabled it from addressing some problematic aspects of that responsive pleading. With the case on trial having gone to the jury yesterday afternoon, this Court can turn to issuance of this memorandum order to address matters that Prairie Pointe must cure.

　　　To begin with, Prairie Pointe has declined to respond to a number of the Counterclaim's allegations about provisions of QBE's insurance policy that is at the heart of the parties' dispute by asserting that "the insurance policy speaks for itself" (Answer ¶8-12). That cop-out violates Prairie Pointe's obligation under Fed. R. Civ. P. ("Rule") 8(b)(1)(B)--and see App'x ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D.

276, 278 (N.D. Ill. 2001).

Next, Answer ¶6 has inexplicitly (and impermissibly) departed from the plain roadmap marked out by Rule 8(b)(5) as the basis for a deemed denial of an opposing parties' allegations. In that respect see App'x ¶1 to State Farm.

Lastly, Prairie Pointe has again evaded its Rule 8(b)(1)(B) obligation in its responses to Counterclaim ¶¶17, 23 and 24 by characterizing the allegations there as "conclusions of law." Again that is an impermissible shift and avoidance--see App'x ¶2 to State Farm.

This Court frequently addresses such deficiencies by requiring an entire do-over by counsel, because piecemeal or splintered pleadings make it more difficult to see just what is and what is not at issue (in contrast to being able to review a self-contained pleading for that purpose). In this instance, however, only the paragraphs in the Answer referred to in this memorandum order are stricken, and Prairie Pointe is given leave to file an amendment to its Answer (not a full-blown self-contained Amended Answer) on or before June 21, 2013.

But at the same time, there is no reason that Prairie Pointe should be required to pay for its counsel's errors of the type described here. Accordingly, no charge is to be made to Prairie Pointe for the time and expense involved in correcting the earlier pleading, and Prairie Pointe's counsel are ordered to


advise their client to that effect, with a copy of counsel's letter to be transmitted to this Court's chambers (purely for informational purposes, not for filing).

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: June 11, 2013